On order of the Court, the application for leave to appeal the February 12, 2019 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment holding that the circuit court did not clearly err in finding that statutory bases for termination were supported by "clear and convincing" evidence and that termination of the respondent-father's parental rights was in the best interests of the children. We REMAND this case to the Court of Appeals, which, while retaining jurisdiction, shall remand this case to the Oakland Circuit Court, Family Division. The remand to the circuit court shall direct that court to reconsider its November 14, 2017 opinion and order holding that the petitioner established statutory bases for termination and its April 12, 2018 order terminating the respondent-father's parental rights. On reconsideration, the circuit court shall apply the "clear and convincing" evidentiary standard to the allegation of sexual abuse against the respondent-father. See MCL 712A.19b(3)(b)(i ), (b)(ii ), (g), and (j). See also MCR 3.977(E) ; In re Trejo Minors , 462 Mich 341, 355, 612 N.W.2d 407 (2000). The circuit court may, in its discretion, receive proofs or hold an evidentiary hearing. The circuit court shall be directed to forward to the Court of Appeals a written opinion addressing the statutory bases for termination and, if necessary, the decision to terminate parental rights, within 42 days of the Court of Appeals remand order. In light of our resolution of this issue, it is unnecessary to address the respondent-father's remaining issues.
We do not retain jurisdiction.